# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CALVIN LOUIS SMITH, #17122-043**                                      **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 3:17-cv-199-CWR-FKB**

**WARDEN MARCUS MARTIN**                                                 **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner Calvin Louis Smith is a federal inmate presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He brings this pro se Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After reviewing the Petition [1] and Declaration in Support [2], in conjunction with the relevant legal authority, the Court concludes that Smith's Petition should be dismissed.

## I.     Background

In 2014, a jury found Smith guilty of bribery involving federal programs in violation of 18 U.S.C. § 666 (a)(1)(B). *See United States v. Smith*, Crim. Action No. 3:13-cr-34-HTW-LRA (S.D. Miss. Sep. 30, 2014). The Court sentenced Smith to serve a 66-month term of imprisonment followed by a two-year term of supervised release. *Id.* Smith's motion for post-conviction relief under 28 U.S.C. § 2255 is pending in his criminal case. *Id.*

Smith is challenging the validity of his conviction based on ineffective assistance of counsel. Smith states that he is bringing the same nine grounds for relief in this § 2241 petition that he is asserting in his pending § 2255 motion. Pet. [1] at 4. Smith argues that § 2255 is an inadequate or ineffective means to bring his claims because the Court has not directed the United States Attorney

to respond to his § 2255 motion or issued a ruling on the motion. *Id*. at 7. As relief, Smith is asking the Court to invalidate his conviction and order his immediate release from incarceration. *Id*. at 26.

## II.     Analysis

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255. *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)) ("[T]he primary means of collateral attack on a federal sentence" is a § 2255 motion.). If a prisoner is challenging errors that "occurred during or before sentencing" his claims should be pursued in a § 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (citations omitted).

However, pursuant to a limited exception, referred to as the "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). In *Reyes-Requena,* the Fifth Circuit set forth a two-part test to determine if a claim meets the stringent "inadequate or ineffective" requirement entitling the inmate to proceed under the savings clause. 243 F.3d at 904. To satisfy the test, an inmate "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or

first § 2255 motion." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002) (citing *Reyes-Requena v. United States*, 243 F.3d at 904).

Since Smith is challenging the validity of his conviction and sentence, he may not pursue these claims in a § 2241 petition unless he can meet the requirements of the savings clause. Smith argues that he should be allowed to proceed under the savings clause because the sentencing court has not directed the United States Attorney to respond to his § 2255 motion or issued a ruling on the motion. The Court notes that on May 4, 2017, an Order [89] was entered in Smith's criminal case directing the United States Attorney to respond to Smith's § 2255 motion. Smith is currently proceeding with his claims under § 2255. A habeas petition under § 2241 is not a substitute for a motion under § 2255. *Pack*, 218 F.3d at 452 (citations omitted).

Smith is not relying on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense to argue that he meets the requirements of the savings clause. At best, Smith argues that his attempt at § 2255 relief is, at this time, unsuccessful. A prior unsuccessful § 2255 motion or an inability to file a second or successive § 2255 motion does not entitle an inmate to proceed under the savings clause. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *see also Bell v. Holder,* 488 F. App'x 822, 823 (5th Cir. 2012) (finding inability to file § 2255 motion based on statute of limitations does not render § 2255 remedy inadequate or ineffective).

Smith bears the burden of showing the inadequacy or ineffectiveness of the § 2255 remedy in order to proceed with his claims in a § 2241 petition. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He fails to meet this burden. Therefore, Smith is not entitled to habeas relief under § 2241.

**III.    Conclusion**

The Court has considered the pleadings and applicable law. For the reasons stated, Smith's Petition for habeas corpus relief pursuant to § 2241 is dismissed as frivolous. *See Ojo vs. INS,* 106 F.3d 680, 683 (5th Cir.1997) (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous"). Furthermore, to the extent Smith's Petition can be construed as a § 2255 motion it is dismissed without prejudice to Smith's pursuit of these claims in his pending § 2255 motion.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.[1]

SO ORDERED, this the 8th day of May, 2017.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005).